

September 11, 2023

Catherine O'Hagan Wolfe
Clerk of the Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007
Via ECF filing

**RE: Case No 22-2327,** *Sutton v. Marie*

Dear Ms. Wolfe,

Under FRAP 28(j), Plaintiff-Appellant Carré Sutton submits as supplemental authority the enclosed August 24, 2023 decision in *Samuel W. v. The United Synagogue of Conservative Judaism*, 194 N.Y.S.3d 25, 26 (App. Div. 2023). The plaintiff there was sexually abused in Yellowstone National Park during a cross-country bus trip sponsored by defendants. He relied on the New York's Child Victims Act (CVA)'s revival provision to bring otherwise time-barred claims. *Id.* Defendants raised the same arguments that Tapscott relies on in *Sutton v. Marie*, and the New York appellate court rejected them.

In *Samuel W.*, the appellate court rejected defendants' argument that because CPLR 214–g refers to conduct which would constitute a sexual offense as defined in New York's Penal Law, it applies only to claims based on acts committed within New York State. The Court explained that "it is not a violation of one of the enumerated penal statutes that is required to trigger the revival of certain civil causes of action"; rather, the references to the Penal Law "serve to *define the nature of acts covered*." *Id.* at 26-27 (emphasis added).

The appellate court also rejected the argument that applying the CVA where the sexual abuse occurred out of state would be an impermissible extraterritorial application of the law, reasoning that "this suit would have been properly adjudicated in New York had it been timely brought prior to the enactment of the CVA," so there is nothing extraterritorial about applying the New York law. *Id.* The court concluded that defendants' arguments would contradict the remedial purpose and text of the CVA, which by "its plain language revived 'every' covered 'civil claim or cause of action' that would have been properly brought in New York in the first instance." *Id.* at 27.

Thus, the First Department of New York's Appellate Division has now joined the Second Department in holding that the CVA revives New York residents' claims even where the sexual abuse took place outside of New York, *see* Reply Br. at 6-7, confirming that New York courts are in agreement and that this Court should reverse the decision below.

publicjustice.net  National Headquarters  West Coast Office
1620 L Street NW, Suite 630, Washington DC  20036   555 12th Street, Suite 1230, Oakland CA  94607
(202) 797-8600 phone • (202) 232-7203 fax   (510) 622-8150 phone • (510) 622-8155 fax

September 11, 2023

Sincerely,

/s/ Ellen Noble

Ellen Noble
Alexandra Z. Brodsky
Adele P. Kimmel
1620 L St. NW, Ste. 630
Washington, DC 20036
(202) 797-8600
enoble@publicjustice.net
abrodsky@publicjustice.net
akimmel@publicjustice.net

John Clune
Daniel D. Williams
HUTCHINSON BLACK AND
COOK, LLC
921 Walnut Street, Suite 200
Boulder, CO 80302
(303) 442-6514
clune@hbcboulder.com
dwilliams@hbcboulder.com

Debra L. Greenberger
EMERY CELLI BRINCKERHOFF
ABADY
WARD & MAAZEL LLP
600 Fifth Avenue, Tenth Floor
New York, New York 10020
(212) 763-5000
dgreenberger@ecbawm.com
*Counsel for Plaintiff-Appellant*

publicjustice.net

National Headquarters
1620 L Street NW, Suite 630, Washington DC 20036
(202) 797-8600 phone • (202) 232-7203 fax

West Coast Office
555 12th Street, Suite 1230, Oakland CA 94607
(510) 622-8150 phone • (510) 622-8155 fax

## CERTIFICATE OF SERVICE

I certify that on September 11, 2023, I electronically filed the foregoing via the CM/ECF system and served defendant-appellee Trudi Tapscott or her counsel via CM/ECF. I further certify that a copy of the letter was mailed via U.S. mail to:

Gerald Marie
Diseminado Casa Linda, 25T
Illes Balears, 078389
Spain

/s/ Ellen Noble

## CERTIFICATE OF COMPLIANCE

This notice complies with Federal Rule of Appellate Procedure 28(j) because it contains 350 words.

/s/ Ellen Noble

publicjustice.net

National Headquarters
1620 L Street NW, Suite 630, Washington DC  20036
(202) 797-8600 phone • (202) 232-7203 fax

West Coast Office
555 12th Street, Suite 1230, Oakland CA  94607
(510) 622-8150 phone • (510) 622-8155 fax

194 N.Y.S.3d 25 (Mem)
Supreme Court, Appellate Division, First Department, New York.

SAMUEL W., Plaintiff–Respondent,
v.
The UNITED SYNAGOGUE OF CONSERVATIVE
JUDAISM et al., Defendants–Appellants.

433
|
Index No. 950017/21
|
Case No. 2022-03860
|
Entered: August 24, 2023

**Attorneys and Law Firms**

Goldberg Segalla, LLP, Albany (Jonathan M. Bernstein of counsel), for appellants.

Levy Konigsberg LLP, New York (Matthew Shock of counsel), for respondent.

Webber, J.P., González, Rodriguez, Pitt–Burke, JJ.

**Opinion**
*26 Order, Supreme Court, New York County (Laurence L. Love, J.), entered on or about August 18, 2022, which, to the extent appealed from as limited by the briefs, denied defendants' motion to dismiss pursuant to CPLR 3211(a)(5), unanimously affirmed, without costs.

The Child Victims Act (CVA), codified in CPLR 214–g, provides, in relevant part that "every civil claim or cause of action brought against any party alleging intentional or negligent acts or omissions ... for ... injury or condition suffered as a result of conduct which would constitute a sexual offense as defined in [Penal Law article 130] committed against a child less than eighteen years of age ..., which is barred as of the effective date of this section because the applicable period of limitation has expired, ... is hereby revived" for a two-year period which ended on August 14, 2021. Plaintiff's action was commenced within the appropriate window.

Defendants argue, however, that CPLR 214–g does not revive plaintiff's claims because the alleged sexual abuse occurred out of state—namely, in Yellowstone National Park during a cross-country bus trip sponsored by defendant United Synagogue Youth, a branch of defendant United

Synagogue of Conservative Judaism (USCJ). Defendants rely principally on (*Goshen v. Mutual Life Ins. Co. of N.Y.*, 286 A.D.2d 229, 730 N.Y.S.2d 46 [1st Dept. 2001], *affd* 98 N.Y.2d 314, 746 N.Y.S.2d 858, 774 N.E.2d 1190 [2002]) for the proposition that applying CPLR 214–g to revive plaintiff's claims would be an impermissible extraterritorial application of the statute.

*Goshen,* which addresses whether General Business Law § 349 permits redress for injuries caused by out-of-state deceptive business practices, is inapposite for a number of reasons. First, in contrast to CPLR 214–g—which is silent on the subject of territorial application but applies to "every" covered claim—General Business Law § 349 explicitly limits its application to deceptive business practices "in this state" (*Goshen,* 98 N.Y.2d at 324–325, 746 N.Y.S.2d 858, 774 N.E.2d 1190). In addition, plaintiff here asserts common-law tort claims, whereas General Business Law § 349 involves a legislatively-created private right of action (*id.* at 324, 746 N.Y.S.2d 858, 774 N.E.2d 1190; *see Schultz v. Boy Scouts of Am., Inc.,* 65 N.Y.2d 189, 198, 491 N.Y.S.2d 90, 480 N.E.2d 679 [1985] [law of common domicile favored where "conduct of a codomiciliary ... was tortious under the laws of both jurisdictions"]). Finally, the statutory claim in *Goshen* was brought by a Florida resident who bought his insurance policy in Florida from a Florida based insurance agent; plaintiff here is a New York resident, and defendant USCJ is a domestic organization with its principal place of business in New York. Ultimately, defendants acknowledge that this suit would have been properly adjudicated in New York had it been timely brought prior to the enactment of the CVA.

Defendants' essential argument is therefore that CPLR 214–g, inasmuch as it refers to conduct which would constitute a sexual offense as defined in New York's Penal Law, applies only to claims based on acts committed within New York State. Contrary to defendants' position, "it is not a violation of one of the enumerated penal statutes that is required to trigger the revival of certain civil causes of action, but rather it is 'conduct which would constitute' [ ] a sexual offense as defined in article 130 of the Penal Law" (*S.H. v. Diocese of Brooklyn,* 205 A.D.3d 180, 187, 167 N.Y.S.3d 171 [2d Dept. 2022]). New York's criminal statutes' territorial limitations **\*27** are, thus, not a basis for excluding claims under the CVA (*id.*). Rather, references to the Penal Law in CPLR 214–g serve to define the nature of acts covered.

The purpose of the CVA was "to remedy the injustices to survivors of child sexual abuse by extending New York's restrictive statutes of limitations that required most survivors to file civil actions or criminal charges long before they reported or came to terms with their abuse" (*S.H.,* 205 A.D.3d at 186, 167 N.Y.S.3d 171; *see Anonymous v. Castagnola,* 210 A.D.3d 940, 944, 178 N.Y.S.3d 587 [2d Dept. 2022]). More importantly, its plain language revived "every" covered "civil claim or cause of action" that would have been properly brought in New York in the first

instance, of course subject to applicable provisions of the CPLR, including CPLR 202 (*see Shapiro v. Syracuse Univ.,* 208 A.D.3d 958, 961–962, 173 N.Y.S.3d 769 [4th Dept. 2022]). Defendants' argument, which, if adopted, would exclude a certain set of those claims, is therefore without merit.

Accordingly, plaintiff's claims against defendants were properly revived under CPLR 214–g. Even though the alleged sexual abuse occurred outside of New York, plaintiff was a New York resident at the time the action accrued (*see id.* at 962, 173 N.Y.S.3d 769).

We have considered defendants' remaining arguments and find them unavailing.

**All Citations**

194 N.Y.S.3d 25 (Mem), 2023 N.Y. Slip Op. 04416

---

**End of Document**  © 2023 Thomson Reuters. No claim to original U.S. Government Works.